PAUL DICKEY, Respondent, *v.* MUTUAL FILM CORPORATION, Appellant.

First Department, March 7, 1919.

**Trade marks — injunction restraining use of title of photo-play — damages.**

Suit to restrain the defendant from using a certain name as the title of a photo-play and to recover damages for such use. *Held*, that a judgment enjoining the defendant from using said name should be affirmed.

Since there was no proof of any fraudulent intent upon the part of the defendant nor any evidence that it knew of the existence of plaintiff's sketch or of the title thereof, plaintiff's recovery must be limited to damages sustained by reason of defendant's acts and should not include the profits made by defendant.

APPEAL by the defendant, Mutual Film Corporation, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of September, 1916, upon the decision of the court after a trial at the New York Special Term.

The interlocutory judgment granted an injunction and appointed a referee.

*Walter N. Seligsberg* of counsel [*Clarence M. Lewis* and *Alexander L. Strouse* with him on the brief], for the appellant.

*Nathan Burkan,* for the respondent.

DOWLING, J.:

The judgment appealed from enjoins the defendant from using the name " The Come Back " in various forms as the title of a photo-play, and also appoints a referee to take and state an account of defendant's profits and plaintiff's damages sustained through the defendant's act complained of. So far as the injunction is concerned, we see no reason to disturb the judgment. In so far, however, as an accounting of defendant's profits is directed, the judgment must be modified. There is no proof of any fraudulent intent upon the part of the defendant, nor any evidence that it knew of the existence of plaintiff's sketch or drama or of the title thereof. In fact, plaintiff himself offered in evidence as part of his case an affidavit by the president of the corporation which produced the motion picture distributed by defendant, wherein he expressly denied any such knowledge of plaintiff's rights upon the part of any one employed by or affiliated with the corporation making the production. Under the conditions disclosed by the record herein, all that plaintiff could recover would be the damages sustained by reason of defendant's acts, and not the profits the latter made. (*N. K. Fairbank Co.* v. *Windsor,* 124 Fed. Rep. 200; *Oneida Community* v. *Oneida Game Trap Co.,* 150 N. Y. Supp. 918; modified and affd., 168 App. Div. 769.)

While the plaintiff failed to prove any fraud upon the part of defendant, the latter did not introduce any evidence tending to show its good faith, nor can an inference thereof

be fairly drawn from the testimony. The 17th and 18th findings of fact as proposed by defendant and found by the court will, therefore, be reversed, as being unsupported by any evidence in the case.

The judgment will be modified by striking therefrom the entire paragraph beginning, " Ordered, adjudged and decreed that the defendant render a full and true account," and also so much of the paragraph appointing a referee as begins with the words " and that the defendant produce " and ends with the words " received and realized by the defendant." As thus modified, the judgment will be affirmed, with costs to respondent.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Judgment modified as indicated in opinion and as so modified affirmed, with costs to respondent. Order to be settled on notice.